**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL P. MCCLELLAN and<br>KELLY A. MCCLELLAN,<br><br>    Plaintiff,<br><br>v.<br><br>NEW PENN FINANCIAL, LLC d/b/a<br>SHELLPOINT MORTGAGE<br>SERVICING,<br><br>    Defendant. | CIVIL ACTION<br><br><br>COMPLAINT  1:16-cv-10989<br><br><br>JURY TRIAL DEMANDED |

<u>**COMPLAINT**</u>

NOW COMES the Plaintiffs, MICHAEL P. MCCLELLAN and KELLY A. MCCLELLAN by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING, as follows:

**NATURE OF THE ACTION**

1. This is an action brought by a consumer seeking redress for violation(s) of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/1 *et seq*.

**JURISDICTION AND VENUE**

2. Subject matter jurisdiction exists over the Fair Debt Collection Practices Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

1

4.    Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to
      the claims took place in the Northern District of Illinois.

PARTIES

5.    MICHAEL P. MCCLELLAN and KELLY A. MCCLELLAN (hereinafter "Plaintiffs") are
      natural persons, over 18-years-of-age, who at all times relevant resided at the property
      commonly known as 208 Emerald Drive, Streamwood, Illinois 60107.

6.    NEW PENN FINANCIAL, LLC d/b/a SHELLPOINT MORTGAGE SERVICING
      (hereinafter "Defendant") is a foreign corporation formed under the laws of the State of
      Delaware.  Defendant has a principal place of business located at 4000 Chemical Road,
      Suite 200, Plymouth Meeting, Pennsylvania 19462.

FACTUAL ALLEGATIONS

7.    On September 26, 2005, Plaintiffs executed a mortgage in favor of Washington Platinum
      Home Mortgage Corporation to secure a promissory note in the amount of $432,000.00.

8.    On or about January 30, 2006, Washington Platinum Home Mortgage Corporation
      assigned and transferred all its right, title and interest to Alternative Loan Trust 2006-OC1,
      a common law trust formed under the laws of the State of New York.  Countrywide Home
      Loans Servicing LP was the master servicer of Alternative Loan Trust 2006-OC1.

9.    On December 17, 2015, a bankruptcy case concerning Plaintiffs was filed under Chapter 7
      of the United States Bankruptcy Code.[1]  *See* Exhibit A, a true and correct copy of the Notice
      of Chapter 7 Bankruptcy Case, Meeting of Creditors and Deadlines and Certificate of
      Notice.  The schedules filed by Plaintiff listed Bank of America, N.A. on Schedule D –

---

[1] Case No. 15-bk-42605 (*In re Michael Patrick McClellan and Kelly Ann McClellan*)

2

Creditors Holding Secured Claims. *See* Exhibit B, a true and correct copy of Schedule D – Creditors Holding Secured Claims.

10.     On March 22, 2016, Defendant sent Plaintiff a Welcome Package, which provided, in pertinent part: "[E]ffective 03/15/2016, the servicing of your loan has been transferred from Bank of America, N.A. to Shellpoint Mortgage Servicing." *See* Exhibit C, a true and correct copy of the Welcome Package.

11.     On March 23, 2016, Defendant sent Plaintiff a Validation of Debt Notice, which provided, in pertinent part: "As of 03/23/2016, our records reflect that the amount of the debt that is now due is $16,574.97. This amount reflects the payment required to bring your loan payments current." *See* Exhibit D, a true and correct copy of the Validation of Debt Notice.

12.     On March 29, 2016, Plaintiffs were granted a discharge under section 727 of the United States Bankruptcy Code. *See* Exhibit E, a true and correct copy of the Order of Discharge and Certificate of Notice. The Order of Discharge means that no one may make any attempt to collect a discharged debt from the debtors personally.

13.     On April 20, 2016, a civil action concerning the parties was filed in the United States District Court for the Northern District of Illinois.[2] At issue was Defendant's post-discharge attempts to collect the loan. On July 21, 2016, Plaintiffs, pursuant to settlement agreement and Fed. R. Civ. P. 41(a)(1)(A)(i) voluntarily dismissed the civil action against Defendant.

---

[2] Case No. 16-cv-04492 (*Michael P. McClellan and Kelly A. McClellan v. New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing*)

14.     On November 16, 2016, Defendant sent Plaintiffs a Mortgage Statement, with a payment

coupon attached, which provided that the "Amount Due" was $41,835.85, with a "Next

Due Date" of December 1, 2016.  Moreover, the Mortgage Statement provided:

**You are late on your loan payments and the foreclosure process has been
initiated.**  Failure to bring your loan current may result in fees and foreclosure –
the loss of your home.  As of 11/16/2016, you are 412 days delinquent on your
mortgage loan.

**Recent Account History:**
- Payment due   06/01/2016:     unpaid balance of $25,260.85
- Payment due   07/01/2016:     unpaid balance of $2,829.88
- Payment due   08/01/2016:     unpaid balance of $2,829.88
- Payment due   09/01/2016:     unpaid balance of $2,829.88
- Payment due   10/01/2016:     unpaid balance of $2,695.12
- Payment due   11/01/2016:     unpaid balance of $2,695.12
- Payment due   12/01/2016:     current payment due
  Current payment due 06/01/2016: $2,395.64

**Total: $41,835.85 due.  You must pay this amount to bring your loan current.**

*See* Exhibit F, a true and correct copy of the November 16, 2016 Mortgage Statement.

### DAMAGES

15.     Defendant's acts and omissions are the proximate causation of Plaintiffs' aggravation,

confusion, frustration, inconvenience, and opportunity cost.

### COUNT I – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(2) - FALSE OR MISLEADING REPRESENTATIONS

16.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though

fully set forth herein.

17.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

18.     The loan is a "debt" as defined by 15 U.S.C. § 1692a(5).

19.     Defendant is a "debt collector as defined by 15 U.S.C. § 1692a(6).

4

20.     Defendant is attempting to collect a debt used for "household purpose" as defined by 15 U.S.C. § 1692a(5).

21.     Section 524(a)(2) of the United States Bankruptcy Code provides:

      (a)      A discharge in a case under this title –

            (2)      operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

22.     Defendant violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount or legal status of Plaintiffs' loan - the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

23.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(2) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

      (1)      any actual damage sustained by such person as a result of such failure;

      (2)

            (A)      in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

      (3)      in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

a.      find that Defendant violated 15 U.S.C. § 1692e(2);

b.      award actual, and statutory damages, and costs of this action including expenses

together with attorneys' fees as determined by this Court; and

c.      grant any other relief deemed appropriate and equitable.

### COUNT II – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692e(10) - FALSE OR MISLEADING REPRESENTATIONS

24.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though

fully set forth herein.

25.     Defendant violated 15 U.S.C. § 1692e(10) by using false representation or deceptive means

to collect or attempt to collect Plaintiffs' loan – the collection of which was not permitted

by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the

United States Bankruptcy Code.

26.     Plaintiff may enforce the provisions of 15 U.S.C. § 1692e(10) pursuant to section k of the

Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector

who fails to comply with any provision of [the Fair Debt Collection Practices Act] with

respect to any person is liable to such person in an amount equal to the sum of -

(1)     any actual damage sustained by such person as a result of such failure;

(2)

    (A)     in the case of any action by an individual, such additional damages
            as the court may allow, but not exceeding $1,000.00; or

(3)     in the case of any successful action to enforce the foregoing liability, the
        costs of the action, together with reasonable attorney's fees as determined
        by the court.

WHEREFORE, Plaintiff requests the following relief:

a.      find that Defendant violated 15 U.S.C. § 1692e(10);

6

    b.       award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

    c.       grant any other relief deemed appropriate and equitable.

### COUNT III – VIOLATION(S) OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692f(1) - UNFAIR PRACTICES

27.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

28.    Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

29.    Plaintiff may enforce the provisions of 15 U.S.C. § 1692f(1) pursuant to section k of the Fair Debt Collection Practices Act (15 U.S.C. § 1692k) which provides "any debt collector who fails to comply with any provision of [the Fair Debt Collection Practices Act] with respect to any person is liable to such person in an amount equal to the sum of -

(1)    any actual damage sustained by such person as a result of such failure;

(2)

    (A)    in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000.00; or

(3)    in the case of any successful action to enforce the foregoing liability, the costs of the action, together with reasonable attorney's fees as determined by the court.

WHEREFORE, Plaintiff requests the following relief:

    a.       find that Defendant violated 15 U.S.C. § 1692f(1);

    b.       award actual, and statutory damages, and costs of this action including expenses together with attorneys' fees as determined by this Court; and

     c.      grant any other relief deemed appropriate and equitable.

**COUNT V – VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD**
**AND DECEPTIVE BUSINESS PRACTICES ACT - 815 ILCS 505/1 *ET SEQ.***

30.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31.    Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

32.    Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

33.    Defendant is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

34.    It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Defendant to attempt to collect the loan – the collection of which was not permitted by law at the time Defendant demanded payment, by virtue of the section 524(a)(2) of the United States Bankruptcy Code.

35.    Defendant's unfair acts and omissions violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers, where mundane but unusual issues go unheeded – with the consumer suffering the consequences.

36.    Any person who suffers actual damage as a result of a violation of the Illinois Consumer Fraud and Deceptive Business Practices Act may bring an action against such person. The court, in its discretion, may award actual economic damages or other relief which the court deems proper.

37.    Plaintiff is entitled to receive punitive damages as Defendant's unfair acts and omissions were outrageous, wanton and willful, and demonstrate a pattern and practice of conscious disregard and indifference for the rights of Plaintiffs, and consumers generally.

38.     Defendant's unfair acts and omissions showed a conscious disregard and indifference for

the rights of Plaintiff, and consumers generally as:

    a.     Consumers reasonably anticipate that mortgage servicers will communicate

    accurately and truthfully regarding their loans; and

    b.     Consumers reasonably anticipate that mortgage servicers will not use false,

    deceptive or misleading representations or means regarding their loans.

WHEREFORE, Plaintiff requests the following relief:

    a.     find that Defendant's unfair acts and omissions violate the Illinois Consumer Fraud

    and Deceptive Business Practices Act;

    b.     award actual, and punitive damages, and costs of this action including expenses

    together with attorney's fees as determined by this Court; and

    c.     grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

November 30, 2016                                      Respectfully submitted,

                                                      */s/ Joseph Scott Davidson*

                                                      Joseph Scott Davidson
                                                      SULAIMAN LAW GROUP, LTD.
                                                      900 Jorie Boulevard
                                                      Suite 150
                                                      Oak Brook, Illinois 60523
                                                      +1 630-575-8181
                                                      jdavidson@sulaimanlaw.com

                                                      *Counsel for Michael P. McClellan
                                                      and Kelly A. McClellan*

9